IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL P. GALLAGHER,**

                      **Plaintiff,**

                                                            CIVIL ACTION
        **vs.**                                                      No. 03-3454-SAC

**J.L. SHELTON, et al.,**

                      **Defendants.**

<u>ORDER</u>

    Plaintiff, a prisoner incarcerated in the Norton Correctional Facility (NCF) in Norton, Kansas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983.

    Plaintiff seeks damages for the alleged interference of his rights under the First Amendment to practice his religious beliefs. Plaintiff states he is a practicing Orthodox Jew. In his original complaint as later amended, plaintiff generally claims his requests for accommodations and religious items for specific religious holidays were either denied or honored after the fact. He also claims defendants individually and collectively were antisemitic and discriminated against him on the basis of his race.

    The district court judge originally assigned to this case reviewed plaintiff's allegations and directed plaintiff to show cause in part why the complaint as later amended should not be

dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a), based on plaintiff's apparent failure to demonstrate full exhaustion of administrative remedies on all claims asserted in the amended complaint. *See* 42 U.S.C. § 1997e(a) *as interpreted in* Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied* 543 U.S. 925 (2004) *and* Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004). Pursuant to the Supreme Court's recent decision in Jones v. Bock, --- U.S. ----, 127 S.Ct. 910 (Jan. 22, 2007), which abrogated those Tenth Circuit cases, the court finds dismissal of the amended complaint pursuant to 42 U.S.C. § 1997e(a) is no longer appropriate.

The district court judge's order also directed plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Having reviewed the record which includes plaintiff's response to that show cause order, the court dismisses four defendants and finds a response from the remaining defendants is required.

The defendants named in the amended complaint are Roger Werholtz as Secretary of the Kansas Department of Corrections (KDOC), Gloria Geither as KDOC Director of Religious Programs, NCF Warden Shelton, NCF Deputy Warden Perdue, NCF Chaplain Penner, NCF-Aramark employees Ratliff and Gruwell, Aramark District Director Kroll, Chief Executive Officers of Aramark Corporation, Aramark Correctional Services, and "Aramark/NCF".

Plaintiff clarifies that his failure to name the last four defendants in his amendment to the complaint was inadvertent error and not a voluntary dismissal of these parties.  The court accepts this clarification.  Nonetheless, plaintiff does not address the court's earlier finding that plaintiff alleged no personal participation by any of these defendants in the alleged wrongdoing, other than a broad claim that these defendants are responsible for the actions of their employees.  This is insufficient.

Personal participation is an essential allegation in a § 1983 action.  Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  Plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position.  Rizzo v. Goode, 423 U.S. 362 (1976).  *See* Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976)(before a superior may be held liable for the acts of an inferior, superior must have participated or acquiesced in the constitutional deprivation).  *See* Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988)(supervisor liable under § 1983 only where "affirmative link" exists between the constitutional deprivation alleged and either the supervisor's personal participation, exercise of control or direction, or failure to supervise).  Because plaintiff has failed to identify any act by Aramark District Director Kroll, the Chief Executive Officers of Aramark Corporation, Aramark Correctional Services, or "Aramark/NCF" which might arguably support the necessary affirmative link to support liability under § 1983, the

court finds it appropriate to dismiss these defendants from this action at this time. See 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is frivolous, malicious or fails to state a claim, or that seeks damages from a defendant immune from such relief).

As to the remaining defendants, the court finds plaintiff's allegations are sufficient to require a response, and finds the proper and judicial processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Department of Corrections of the State of Kansas. *See* Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). *See also* Hall v. Bellmon, 935 F.2d 1106 (10th Cir. 1991).

IT IS THEREFORE ORDERED that defendants Aramark District Director Kroll, the Chief Executive Officers of Aramark Corporation, Aramark Correctional Services, or "Aramark/NCF" are dismissed as parties in this action.

IT IS FURTHER ORDERED that:

(1) The clerk of the court shall prepare waiver of service of summons forms for all remaining defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed

within twenty (20) days following the receipt fo that report by counsel for defendants.

(2) Officials responsible for the operation of Norton Correctional Facility are directed to undertake a review of the subject matter of the amended complaint:

(a)  to ascertain the facts and circumstances;

(b)  to consider whether any action can and should be taken by the institution to resolve the subject matter of the amended complaint;

(c)  to determine whether other like complaints, whether pending in this court or elsewhere, are related to this amended complaint and should be considered together.

(3)  Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the amended complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5)  No answer or motion addressed to the amended complaint shall be filed without leave of the court until the <u>Martinez</u> report has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the amended complaint and the report requested herein.  This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

(7)   The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Secretary of Corrections of Kansas, to legal counsel for Norton Correctional Facility, and to the Attorney General of the State of Kansas.

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing and filing the <u>Martinez</u> report ordered herein.   Upon the filing of that report, the Department of Corrections may move for termination from this action.

**IT IS SO ORDERED.**

DATED:  This 12th day of March 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge