```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**MICHAEL P. GALLAGHER,**

                **Plaintiff,**

     v.                                    CASE NO.03-3454-SAC

**J.L. SHELTON, et al.,**

                **Defendants.**

## O R D E R

    Plaintiff, a prisoner now incarcerated in the Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. In his complaint as later amended, plaintiff seeks damages on five claims for the alleged interference of his rights under the First Amendment to practice his religious beliefs while incarcerated in the Norton Correctional Facility (NCF) in Norton, Kansas.

    Plaintiff states he is a practicing Orthodox Jew. In his complaint he claims his requests for accommodations and religious items for specific religious holidays were denied or honored after the fact, claims he was subjected to an antisemitic comment and prejudicial treatment on the basis of his religion, and claims all defendants who failed to take corrective action on plaintiff's administrative grievances are responsible for the violation of plaintiff's rights under the First Amendment. Plaintiff amended his complaint to claim he was served a meal tainted with urine on

November 15, 2003, and denied a Menorah and candles in November 2003.

The defendants named in the amended complaint are Roger Werholtz as Secretary of the Kansas Department of Corrections (KDOC), Gloria Geither as KDOC Director of Religious Programs, NCF Warden Shelton, NCF Deputy Warden Perdue, NCF Chaplain Penner, NCF Aramark employees Ratliff and Gruwell, Aramark District Director Kroll, Chief Executive Officers of Aramark Corporation, Aramark Correctional Services, and "Aramark/NCF."

After reviewing the amended complaint, the court summarily dismissed the last four defendants, finding plaintiff's allegations stated no claim for relief under 42 U.S.C. § 1983 against any of these corporate Aramark defendants.[1]  The court also directed KDOC officials to prepare a <u>Martinez</u> report, and ordered service of summons to the remaining five KDOC defendants and the remaining two NCF-Aramark employee defendants.

The record now contains the <u>Martinez</u> report, a motion to dismiss filed by the five KDOC defendants, and an answer filed by the remaining two NCF-Aramark defendants.  Having reviewed plaintiff's responses to defendants' pleadings, the court finds it appropriate to grant plaintiff an opportunity to clarify whether he is attempting to amend the complaint a second time to add claims and allegations beyond those presented in the complaint as amended.

---

[1]To the extent plaintiff states in recent pleadings that he "continues to object" to the dismissal of these four defendants, the court finds plaintiff has not demonstrated any sound basis for the court reconsidering its decision that these defendants should be dismissed.

When plaintiff initiated this action, he sought relief for the alleged violation of his rights under the First Amendment on allegations related to his confinement at NCF. In his recent pleadings, however, he specifically states that he is seeking relief as well for the violation of his rights under the Eighth Amendment and under the Religious Land Use Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, et seq., and appears to expand his allegations beyond the discrete events identified in his original complaint as amended. To do so, however, plaintiff must amend his complaint to include these new claims and allegations.

Because plaintiff has already amended his complaint once as a matter of right, the Federal Rules of Civil Procedure provides that he may now amend the complaint a second time "only by leave of court or by written consent of the adverse party." Fed.R.Civ.P. 15(a). To seek leave of the court to amend the complaint, the rules governing practice in the District of Kansas require that plaintiff submit a motion to amend that sets forth a concise statement of the amendment, and that plaintiff attach a proposed amended complaint. *See* D.Kan.Rule 15.1.

The court is mindful that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a district court is not to assume the role as advocate for such a litigant, id., and a pro se litigant still must follow basic procedural rules governing all litigants. *See* Brown v. Zavaras, 63 F.3d 967, 971-72 (10th Cir.

1995). Accordingly, if plaintiff is attempting to assert claims for relief under the Eighth Amendment and RLUIPA, he must comply with court rules for seeking leave of the court to amend the complaint, and must provide a proposed amended complaint.[2]

The granting of such a motion is within the discretion of the court, and the United States Supreme Court has indicated that courts are to heed the Rule 15 directive that leave to amend is to be freely given. Forman v. Davis, 371 U.S. 178, 812 (1962). Plaintiff is advised, however, that in determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment. Id. If plaintiff files a motion for leave to amend the complaint, defendants will have an opportunity to address the motion and these relevant factors.

Under the circumstances, the court finds it appropriate to allow plaintiff a limited opportunity to comply with court rules if plaintiff is attempting to amend the complaint. The motion to dismiss filed by the five KDOC defendants is denied without prejudice to these defendants renewing their motion if no motion for leave to amend the complaint is filed within the time granted by the court.

---

[2] Plaintiff will be provided a form civil rights complaint, and a copy of his original and amended complaint. Plaintiff is further advised that service to all counsel for defendants of a motion for leave to amend with an attached proposed amended complaint will be effected by the electronic docketing of plaintiff's motion by the clerk's office. See D.Kan.Rule 5.4.2 (consent to electronic service) and 5.4.9 (service upon notice of electronic filing).

Plaintiff's motion to open the proceedings and for the court to order the production of documents and evidence (Docs. 57 and 63) is denied without prejudice.

IT IS THEREFORE ORDERED that absent a motion for leave to amend the complaint filed by plaintiff within thirty (30) days, the court will proceed in this matter on the claims and allegations presented in the original and first amended complaint.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. 50) is denied without prejudice to defendants renewing their motion if plaintiff does not seek leave to amend the complaint.

IT IS FURTHER ORDERED that plaintiff's motion to open the proceedings and for the court to order the production of documents and evidence (Docs. 57 and 63), is denied without prejudice.

The clerk's office is to provide plaintiff with a form complaint for filing under 42 U.S.C. § 1983, a copy of the docket sheet in this matter, and copies of the original complaint (Doc. 1) and first amendment (Doc. 4) to the complaint.

**IT IS SO ORDERED.**

DATED:  This 19th day of March 2008 at Topeka, Kansas.


   s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge