```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**MICHAEL P. GALLAGHER,**

                        **Plaintiff,**

        **v.**                                            CASE NO.03-3454-SAC

**J.L. SHELTON, et al.,**

                        **Defendants.**

### O R D E R

Plaintiff, a prisoner in the custody of the Kansas Department of Corrections (KDOC), proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983. In his complaint as first amended, plaintiff seeks damages on five claims for the alleged interference of his rights under the First Amendment to practice his religious beliefs while incarcerated in the Norton Correctional Facility (NCF) in Norton, Kansas.

Before the court is plaintiff's motion to amend the complaint a second time to assert new claims and add new defendants. Having reviewed the record which includes defendants' objections to the proposed amendment, the court denies plaintiff's motion.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party," and that leaved to amend "shall be freely given when justice so requires." In determining whether to grant leave to amend, the court may consider such factors

as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment. Forman v. Davis, 371 U.S. 178, 812 (1962). *See* Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)("Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."). The decision whether or not to allow a proposed amendment rests within the sound discretion of the court. *See* Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494-95 (10th Cir. 1995).

In his original complaint filed in November 2003, plaintiff states he is a practicing Orthodox Jew and claims that his requests at NCF in 2003 for accommodations and religious items for specific religious holidays were denied or honored after the fact, that he was subjected to an antisemitic comment and prejudicial treatment on the basis of his religion, and that all defendants who failed to take corrective action on plaintiff's administrative grievances are responsible for the violation of plaintiff's rights under the First Amendment. Plaintiff amended his complaint shortly thereafter to further claim he was served a meal tainted with urine, and denied a Menorah and candles.

The defendants remaining in this action are Roger Werholtz as Secretary of the Kansas Department of Corrections (KDOC), Gloria Geither as KDOC Director of Religious Programs, NCF Warden Shelton, NCF Deputy Warden Perdue, NCF Chaplain Penner, and NCF Aramark

employees Ratliff and Gruwell.[1]  After reviewing the record which included a <u>Martinez</u> report prepared by KDOC officials, a motion to dismiss by the five KDOC defendants, an answer by the two remaining NCF-Aramark defendants, and plaintiff's responses to defendants' pleadings, the court directed plaintiff to clarify whether he was attempting to further amend the complaint to add claims and allegations beyond those presented in the amended complaint.[2]

In response, plaintiff submitted an amended complaint which includes a request for leave to amend.[3]  The proposed amendment significantly expands both the claims and the defendants included in plaintiff's original and first amended complaint.

*New Claims*

While plaintiff references in "closing arguments" some of his original claims,[4] the eight claims identified in the proposed amended complaint focus instead on allegations that plaintiff is denied properly prepared Kosher meals and medical snacks, and that

---

[1] By an order dated March 12, 2007, the court summarily dismissed four additional defendants (Aramark District Director Kroll, Chief Executive Officers of Aramark Corporation, Aramark Correctional Services, and "Aramark/NCF") finding plaintiff's allegations stated no claim for relief under 42 U.S.C. § 1983 against any of these corporate defendants.

[2] The court also denied without prejudice the motion to dismiss filed by the five KDOC defendants.

[3] The court liberally construes plaintiff's pro se pleading (Doc. 65) as a motion for leave to file an amended complaint, with a proposed amendment attached.

[4] Plaintiff cites the problems he encountered in getting timely approval of religious accommodations, an antisemitic comment by a food service staff member, and unequal treatment in the dessert provided him for a July 4 holiday.

the Common Fare or Certified Religious Diet Menu adopted by KDOC does not meet the needs of his Jewish faith.  Also, instead of seeking relief under the First Amendment, plaintiff now alleges violations of the Third, Eighth, Ninth, and Fourteenth Amendments as well.[5]  He additionally alleges violations of his rights under the Religious Freedom Restoration Act (RFRA) and the Religious Land Use Institutionalized Persons Act (RLUIPA),[6] and alleges improper interference with his access to the courts in November 2004.

*New Defendants*

Plaintiff appears to name all defendants in the original and first amended complaint, including without explanation the four defendants previously dismissed by the court.  He also expansively includes as defendants "all Aramark staff working at the Kansas Department of Corrections" under contract," "all wardens and deputy wardens and chaplains working in the Department of Corrections," "the Aramark CEO and other officers of the company," and "all prison guards, staff, and persons working directly and indirectly with KDOC and Aramark - to include all inmate Aramark employees making minimum wage."  (Doc. 65.)

Having reviewed the record, the court denies plaintiff leave to amend the complaint.  Although this matter has been pending before the court a significant time through no obvious fault of the parties, the court finds further delay to allow plaintiff to add additional claims, legal theories, and new defendants is not

---

[5]Claims 1-5 in the proposed amended complaint.

[6]Claims 6-7 in the proposed amended complaint.

4

warranted under the circumstances.

The two remaining Aramark defendants have filed a motion to dismiss which is currently pending before the court, to which plaintiff has filed a response,[7] and the court previously granted the five KDOC defendants leave to renew their motion to dismiss if plaintiff did not succeed in amending his complaint a second time. To the extent plaintiff seeks relief under RLUIPA or the First Amendment as applied to the states under the Fourteenth Amendment on new and continuing claims about the manner and quality of Kosher food being prepared and served, plaintiff is not prevented from filing a complaint on such claims after exhausting administrative remedies. Amendment of the complaint to seek relief under the RFRA or the 3rd, 8th, or 9th Amendments would be futile because the RFRA is unconstitutional as applied to the states,[8] and plaintiff's assertion of the 3rd, 8th, and 9th Amendments as a basis for seeking relief on allegations involving alleged interference in his practice of his religion is legally frivolous. Finally, amendment of the complaint to seek relief for the alleged interference with plaintiff's access to the courts would be futile because plaintiff fails demonstrates any actual prejudice resulting from defendants' alleged misconduct.[9]

---

[7]Plaintiff's motion to strike defendants' motion to dismiss and supporting memorandum is denied.

[8]City of Boerne v. Flores, 521 U.S. 507 (1997).

[9]See Lewis v. Casey, 518 U.S. 343, 351 (1996)(a prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim).

Accordingly, plaintiff's motion for leave to amend the complaint a second time is denied.

IT IS THEREFORE ORDERED that plaintiff's motion to strike (Doc. 75) is denied, and that plaintiff's motion for "Trial Per Pais" (Doc. 71) is denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for leave to amend the complaint a second time (Doc. 65) is denied.

IT IS FURTHER ORDERED that the KDOC defendants are granted twenty (20) days to renew their motion to dismiss the original complaint as first amended, if they choose to do so.

**IT IS SO ORDERED.**

DATED:  This 22nd day of September 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge